|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SQUAXIN ISLAND TRIBE, ISLAND ENTERPRISES INC., SWINOMISH INDIAN TRIBAL COMMUNITY, and SWINOMISH DEVELOPMENT AUTHORITY, | No. C03-3951Z |
| Plaintiffs, | ORDER |
| v. | |
| FRED STEPHENS, Director, Washington State Department of Licensing, | |
| Defendant. | |

The parties move the Court to vacate both the Judgment and Permanent Injunction issued on January 4, 2006, docket no. 136, and the Order on summary judgment issued on November 22, 2004, docket no. 129.  The parties cite FED. R. CIV. P. 54(b) and 60(b) as providing the Court with the authority to vacate the judgment and order.  Under Rule 54(b), any order or other form of decision "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Under Rule 60(b), the Court may "relieve a party...from a final judgment, order, or proceeding for the following reasons...(5) the judgment has been satisfied, released, or discharged."  The parties contend that no final decision has been issued because the special fuels aspect of the

ORDER 1–

Tribes' legal incidence claims is unresolved, indicating that the Court may vacate the Judgment and Order pursuant to Rule 54(b).

A district court is not required to vacate a judgment when the parties cause dismissal by settling. Bates v. Union Oil Co. of California, 944 F.2d 647, 649-50 (1991). "When the parties seek vacatur as a condition of settlement, the district court may refuse to vacate the judgment. In deciding whether to vacate the judgment [the Ninth Circuit has] directed district courts to balance 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" Id. at 650 (quoting Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 722 (9th Cir. 1982). The Bates Court noted that "[i]f the court weighs the Ringsby factors and refuses to vacate the judgment, the judgment *may have preclusive effect*." Id. (emphasis added). In Bates the district court concluded that relitigation of liability and punitive damages issues after a jury trial would be a waste of judicial resources. Id. The district court also took into account the concern for preventing needless litigation and the waste of the litigants', the jurors', and the public's resources. Id.

In this case, the parties and the Court have spent significant time and resources in litigating, and ruling on, the Tribes' legal incidence claim relating to Washington State's motor vehicle fuel tax. Under the Ringsby factors, the Court declines to vacate the Order dated November 22, 2005, docket no. 129. The parties' stipulated motion to vacate, docket no. 142, is DENIED. The Court DENIES WITHOUT PREJUDICE the motion to approve the proposed consent decree. The parties may file a revised consent decree that does not provide that the consent decree replace the Court's Order and Judgment, and that such Judgement be vacated. See Consent Decree at ¶ 2.3.

ORDER  2–

1   IT IS SO ORDERED.

2   DATED this 3rd day of February, 2006.

_____
Thomas S. Zilly
United States District Judge

ORDER  3–